UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUN STATE FORD, INC., a Florida
corporation,

      Plaintiff,

vs.

FORD MOTOR COMPANY, a
Delaware corporation,

      Defendant.

_____/

CASE NO.:  6:23-CV-01728-PGB-
LHP

## DEFENDANT, FORD MOTOR COMPANY'S
## AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Ford Motor Company ("Ford"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56, hereby moves for partial final summary judgment in its favor as to Counts V through XII of Plaintiff's Complaint which seek declaratory judgment and an injunction enjoining Ford from implementing Ford's voluntary Model e Electric Vehicle Program (improperly named by Plaintiff as the "Model e EV Certification Program") (the "Model e Program" or "the Program"), because the Program has been discontinued; thereby mooting Plaintiff's claims.  In short, there is nothing to enjoin. This Motion does not seek summary judgment on Plaintiff's claims pertaining to the locality dispute, Counts I through IV.

## BACKGROUND

### A. Plaintiff's Complaint

#### 1. The Locality Dispute, Counts I through IV

Plaintiff has alleged that "in the late 1980's" there was an oral contact between it and Ford that would prevent another Central Florida Ford dealer, Heintzelman Trucks (now Rush Trucks) from selling light and medium trucks and passenger vehicles, indefinitely. *See* Plaintiff's Complaint at ¶ 21-22. Plaintiff contends that Ford violated its agreement when in 2020 they learned that Rush Trucks was selling Ford light and medium trucks and passenger cars. *See* Plaintiff's Complaint at ¶ 24. Plaintiff has alleged Breach of Contract (Counts I and II), Breach of Implied Covenant of Good Faith and Fair Dealing (Count III), and Violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV) causes of action.

#### 2. The Program Dispute, Counts V through XII

Plaintiff has alleged that the Model e Program is "illegal" and Counts V through XII of Plaintiff's Complaint seek declaratory judgment and to enjoin the implementation of Ford's Model e Program *See* Plaintiff's Complaint at ¶ 99, 109, 116, 129, 136, 145, 153, 158.

**B. Procedural History**

In 2022, Plaintiff filed an administrative action against Ford related to their locality causes of action. *See* Administrative Complaint Case No.: 22-002566; Agency/HSMV Case No.: MS 22-294 attached as Exhibit A. Plaintiff dismissed and closed the administrative action on September 11, 2023. By August 2023, Plaintiff had refiled the matter in this court with the additional Model e Program causes of action. *See* Complaint DE 1.

**C. Overview of the Program**

The Program was first announced in September of 2022 at the National Dealer Meeting in Las Vegas. In order to continue to sell and service electric vehicles, a dealer needed to enroll in the Program. The Program was voluntary for dealers. There were two tiers in which a dealer could participate (Certified Elite or Certified); each tier had different investment levels. The tiers were created to help scale the Program and give dealers optionality depending on the maturity of EVs in their market. A dealer could make the choice not to enroll at all.

The Program was originally designed to help ensure that Ford and its dealers can meet customer expectations and demands in an increasingly dynamic and competitive EV marketplace. It was also developed with a customer-first mentality so that customers receive an unparalleled purchase and ownership experience.

The Program officially launched on January 1, 2024.

On June 13, 2024, Ford announced the discontinuation of the Program.

**D. The Meet and Confer with Plaintiff's Counsel**

Counsel for Ford has met and conferred with Plaintiff Counsel on multiple occasions regarding the discontinuation of the Model e Program and its effect on the allegations and discovery in this case. Plaintiff is not disputing that the Program has been discontinued but is not prepared to concede to the relief sought herein.

## STIPULATED MATERIAL FACTS[1]

1.      In 2022, Ford announced its Model e Electric Vehicle Program.

2.      Counts V through XII of Plaintiff's Complaint seek, among other relief, declaratory judgment and to enjoin the implementation of Ford's Model e EV Certification Program. *See* Plaintiff's Complaint at ¶ 99, 109, 116, 129, 136, 145, 153, 158.

3.      On June 13, 2024, Ford announced its voluntary discontinuation of the Model e Electric Vehicle Program, effective July 1, 2024.

---

[1] Ford Motor Company filed these same stipulated facts on July 26, 2024 [DE 30].

## MEMORANDUM OF LAW

### I.    Summary Judgment Standard

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case as to which the nonmoving party has the burden of proof." *Cornelius v. Town of Highland Lake*, 880 F.2d 348, 351 (11th Cir. 1989). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) (emphasis in original). A fact is "material" if, under applicable substantive law, it may affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F. 3d 1256, 1259–60 (11th Cir. 2004). A dispute of a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, at 248.

## II.    The Claims Presented By Plaintiff Are Moot

"[A] case is moot when the issues presented are no longer 'live' or the parties

lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S.

486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). As this Court has explained,

"put another way, 'a case is moot when it no longer presents a live controversy with

respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab.*

*Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-

17 (11th Cir. 2000) (*quoting Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir.

1993)). The doctrine of mootness derives directly from the case-or-controversy

limitation because "an action that is moot cannot be characterized as an active case

or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir.

1997). If events that occur subsequent to the filing of a lawsuit or an appeal deprive

the court of the ability to give the plaintiff or appellant meaningful relief, then the

case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48, 90 S.

Ct. 200, 201-02, 24 L. Ed. 2d 214 (1969) (per curiam). Indeed, dismissal is required

because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities*, 225 F.3d

at 1227 n.14 (*citing North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404,

30 L. Ed. 2d 413 (1971) ("The question of mootness is . . . one which a federal court

must resolve before it assumes jurisdiction.")). "Any decision on the merits of a

moot case or issue would be an impermissible advisory opinion." 225 F.3d at 1217 (*citing Hall*, 396 U.S. at 48, 90 S. Ct. at 201-02); *Najjar v. Ashcroft*, 273 F.3d 1330, 1335-1336.

There is no longer an active controversy as to the Program given the Program has been discontinued. The Plaintiff has asked the Court render a declaratory judgment indicating that the Program is "illegal" and to issue an injunction enjoining the Program. Neither of the Plaintiff's requested relief can be granted. There is nothing to enjoin or rule upon regarding the legality of the Program, as the Program no longer exists.

**<u>CONCLUSION</u>**

Accordingly, Ford Motor Company requests that this Court grant its Amended Motion for Partial Summary Judgment on these issues.

WHEREFORE, Ford Motor Company respectfully request this Court enter partial final summary judgment and to dismiss Plaintiff's Counts V through XII of Plaintiff's Complaint.

Date: July 30, 2024                    Respectfully submitted,

/s/ *Jessica M. Kennedy*
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.

111 N. Magnolia Avenue
Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
jkennedy@mtwlegal.com
SunStateFordvFMC@mtwlegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the Florida ePortal and a true and correct copy served via the ePortal on July 30, 2024 to:

Jennifer S. Eden, Esq., Christina Y. Taylor, Esq., Latham, Luna, Eden & Beaudine, LLP, 201 S. Orange Avenue, Suite 1400, Orlando, FL 32801, jeden@lathamluna.com; ctaylor@lathamluna.com; kbobek@lathamluna.com; Attorney for Plaintiff

/s/ *Jessica M. Kennedy*
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
jkennedy@mtwlegal.com
SunStateFordvFMC@mtwlegal.com

*And*

JAMES P. FEENEY, ESQ.
Florida Bar No. 0576948
DYKEMA
39577 Woodward Avenue
Suite 300

Page 8 of 9

Bloomfield Hills, MI 48304
Telephone: (248) 203-0841
Facsimile: (248) 203-0763
JFeeney@dykema.com

*And*

STEVEN KELSO, ESQ.
*Pro Hac Vice*
GREENBERG TRAURIG, P.A.
1144 15th Street
Suite 3300
Denver, CO 80202
Telephone: (303) 572-6553
steven.kelso@gtlaw.com
Attorneys for Defendant, *Ford Motor Company*