# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SUN STATE FORD, INC., a Florida
corporation,

          Plaintiff,

v.                                        Case No:   6:23-cv-1728-PGB-LHP

FORD MOTOR COMPANY, a
Delaware corporation,

          Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT FORD MOTOR COMPANY'S AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 51)** |
| **FILED:** | **May 5, 2025** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

In this breach of franchise and dealer agreements action, *see* Doc. No. 1, discovery closes on July 7, 2025.  Doc. No. 46; *see also* Doc. Nos. 19, 39.  By the

present motion, Defendant seeks to compel Plaintiff to produce documents in response to one request for production.   Doc. No. 51.

According to the motion, Plaintiff placed its financial status at issue by claiming it incurred financial losses as a result of Defendant's alleged breach of a franchise agreement.   *Id.*, at 1.   Defendant thereafter served a request for production on Plaintiff requesting Plaintiff's "federal, state, and local tax records, including but not limited to tax returns, supporting documentation, and any correspondence with tax authorities, for the period from 2020 to the present."   *Id.*, at 1-2; *see also* Doc. No. 51-1, at 2.   On April 17, 2025, Plaintiff objected to the request for production "on the grounds that it is not relevant to any party's claim or defense."   Doc. No. 51-1, at 2.   Plaintiff raised no other objections.

Defendant contends that Plaintiff's financial records, including tax information, are relevant because Plaintiff's complaint is "replete" with allegations that Defendant's "Model e Program" is costly and caused Plaintiff to incur unreasonable expenses.   Doc. No. 51, at 2-3; *see also* Doc. No. 1, ¶¶ 24, 46-47, 51-52, 54, 60.   Plaintiff has also alleged a loss of sales based on Defendant's conduct. Doc. No. 51, at 2-3; *see also* Doc. No. 1, ¶ 27.   As such, Defendant argues that Plaintiff's financial information is relevant to evaluating the expenses Plaintiff incurred against Plaintiff's profitability and return on investment, as well as to

evaluating Plaintiff's expenses it incurred since enrolling in and complying with the "Model e Program."    Doc. No. 51, at 3.

Plaintiff has not responded to the motion, and its time for doing so expired on May 12, 2025. *See* Doc. No. 20, ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C).    Accordingly, the Court deems the motion to be unopposed in all respects.    *See* Doc. No. 20, ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion and the attached request for production, the Court finds the motion (Doc. No. 51) well taken.  Defendant's request for fees under Federal Rule of Civil Procedure 37 is also well taken.  Doc. No. 51, at 3.  Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1.    Defendant Ford Motor Company's Amended Motion to Compel Discovery (Doc. No. 51) is **GRANTED**.

2.    Within **fourteen (14) days** of the date of this Order, Plaintiff shall produce to Defendant all documents within its current possession, custody, or control responsive to Request No. 1, as set forth in Defendant's Second Request for Production to Plaintiff.  Doc. No. 51-1, at 2.

3.    All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.  *See, e.g., Jackson v. Geometrica, Inc.*, No.

- 4 -

3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Weaver*, 2024 WL 4275221, at *1 (same); *Bercini*, 2016 WL 11448993, at *2 (same).

4.    Within **fourteen (14) days** of the date of this Order, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the present motion.   By this same deadline, the parties shall file a joint notice of the amount agreed upon.   If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Defendant shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

5.    **Failure to comply with this Order may result in sanctions.   *See* Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on May 14, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -