**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUN STATE FORD, INC.,

    Plaintiff,

v.                                          Case No:   6:23-cv-1728-PGB-LHP

FORD MOTOR COMPANY,

    Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT FORD MOTOR COMPANY'S MOTION TO COMPEL DISCOVERY, IN THE ALTERNATIVE FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES (Doc. No. 54)**
>
> **FILED:** May 28, 2025
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

In this breach of franchise and dealer agreements action, *see* Doc. No. 1, discovery closes on July 7, 2025. Doc. No. 46; *see also* Doc. Nos. 19, 39. By the

present motion, Defendant seeks to compel Plaintiff to respond to Defendant's Second Request for Interrogatories.  Doc. No. 54; *see also* Doc. Nos. 54-1, 54-2.

As set forth in the motion, Defendant previously served an unspecified number of Requests for Admission ("RFA") on Plaintiff, as well as 12 interrogatories.  Doc. No. 54, at 1.  On April 1, 2025, Defendant served an additional two (2) interrogatories.  *Id.*  The first interrogatory (Interrogatory No. 1) requests that for every RFA Plaintiff did not provide an unqualified admission, Plaintiff must state: (1) the number of the request; (2) all facts on which Plaintiff based its response; (3) all persons who have knowledge of those facts; and (4) any documents or other tangible items that support Plaintiff's response.  *Id.*; *see also* Doc. No. 54-2, at 3.  The second interrogatory (Interrogatory No. 2) requests the numerical amount of damages Plaintiff is seeking in this case.  Doc. No. 54-2, at 12. Plaintiff treated each subpart of Interrogatory No. 1 as a separate interrogatory for each RFA and objected to all that exceeded the 25-interrogatory limit.  Doc. No. 54, at 1-2; Doc. No. 54-2, at 7-12; *see also* Fed. R. Civ. P. 33(a)(1).

Defendant argues that that the subparts of Interrogatory No. 1 are not discrete, and that Interrogatory No. 1 should be considered as one interrogatory. Doc. No. 54, at 2-3.  As such, Defendant requests that Plaintiff's objection be overruled, that Plaintiff be required to respond to Interrogatory No. 1 in its entirety, and that Defendant be awarded its fees and costs pursuant to Federal Rule of Civil

- 2 -

Procedure 37(a)(5). *Id.*, 3. Alternatively, Defendant requests that the Court permit Defendant to exceed Federal Rule of Civil Procedure 33(a)(1)'s 25-interrogatory limit. *Id.*

In response, Plaintiff explains that Defendant served 25 RFAs, and 17 of Plaintiff's responses were not unqualified admissions. Doc. No. 55. *See also* Doc. No. 54-2, at 2-12. Plaintiff argues that its objection is valid, and Interrogatory No. 1 should be considered to include at least 34 discrete subparts to account for the request that Plaintiff identify facts, persons, and supporting documents for each RFA at issue. *Id.*, at 2-3. Plaintiff further opposes Defendant's alternative request to exceed the 25-interrogatory limit as antithetical to the purposes of RFAs and Federal Rule of Civil Procedure 36. *Id.*, at 3.

## II.   ANALYSIS

Plaintiff and Defendant both rely upon *Commodores Entertainment Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12843874 (M.D. Fla. Nov. 6, 2015), which sets forth the relevant analysis as follows:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). The term "discrete subparts" is not defined. As a result, "[r]esolving questions of whether a subpart to an interrogatory is 'discrete' under Rule 33 such that it should be counted separately can be a difficult task and courts considering this question have applied various tests." *Oliver v. City of Orlando*, Case No. 6:06–cv–1671–Orl–31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (internal quotations omitted).

> Courts in this Circuit often apply the "related question" test to determine whether a subpart is part of an interrogatory or is more properly considered a discrete, separate interrogatory. *See, e.g., Oliver*, 2007 WL 3232227, at *2; *Perez v. Aircom Mgmt. Corp., Inc.*, 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012) (citing authority). Under the "related question" test, the court assess[es] whether the subparts are "logically or factually subsumed within and necessarily related to the primary question." *Oliver*, 2007 WL 3232227, at *2 (citing authority); *see* Fed. R. Civ. P. 33(a)(1) advisory committee's note (1993 amendments) (explaining "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). "[A]n interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." *Border Collie Rescue, Inc. v. Ryan*, Case No. 3:04–cv–568–J–32HTS, 2005 WL 662724, at *1 (M.D. Fla. Mar. 15, 2005) (internal quotations and citations omitted).

*Commodores*, 2015 WL 12843874, at *2.

United States Magistrate Judge Gregory J. Kelly was faced with a situation identical to the present dispute: a single interrogatory that requested the responding party, for each RFA that was denied, to detail the basis for the denial, and identify any documents or communications supporting the denial, as well as any persons with knowledge relating to the denial. *Id.* Magistrate Judge Kelly found that the interrogatory should be treated as asking discrete questions regarding each RFA, and that the interrogatory also contained two (2) discrete subparts:   one part related to the basis for the denial and the other part related to the request for documents that supported the denial. *Id.*, at *3.

The Court finds Magistrate Judge Kelly's reasoning sound and persuasive, as well as in line with other courts in this Circuit that have addressed similar disputes, and the Court will therefore follow the same analysis here. *See, e.g., Colony Ins. Co. v. All Cities Enters., Inc.*, No. 7:18-CV-00126 (WLS), 2019 WL 5850548, at *2 (M.D. Ga. June 11, 2019) (finding interrogatory that inquired into the basis for defendant's responses to ten separate RFAs constituted ten separate interrogatories, and upholding defendant's objection that this interrogatory exceeded the permitted 25-interrogatory limit); *Carper v. Twc Servs. Inc.*, No. 11-60132-CIV, 2011 WL 13096631, at *4 (S.D. Fla. June 10, 2011) (finding interrogatory that requested an explanation for each of the eight RFAs defendant denied to constitute eight separate interrogatories, thereby exceeding the limit in Fed. R. Civ. P. 33(a)(1)); *Deutsch v. Arrow Fin. Servs., LLC*, No. 8:08-cv-1469-T-17MAP, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009) ("An interrogatory that asks for an explanation for each denial of a request for admission generally does not count only as a single interrogatory, but rather counts as multiple interrogatories for purposes of the numerical limit contained in Fed. R. Civ. P. 33(a)." (citation omitted)); *Telemedia Commc'ns, Inc. v. St. Francis Inv. Props., L.P.*, No. 8:07-cv-1112-T-17MAP, 2007 WL 9723859, at *1 (M.D. Fla. Oct. 3, 2007) (same); *see also New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. June 30, 2008) (recognizing that "[c]ourt[s] have also held that the request for identification of documents should be counted as a

separate interrogatory"); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based . . . essentially transforms each request for admission into an interrogatory. . . . [C]ondoning such a practice would circumvent the numerical limit contained in Rule 33(a).").

Applying this analysis, the Court sustains Plaintiff's objection on the basis that Defendant has exceeded the 25-interrogatory limit. Defendant previously served 12 interrogatories, thereby leaving 13 for Plaintiff to answer. With respect to Interrogatory No. 1, the Court finds that it actually contains 34 discrete subparts: Plaintiff denied 17 RFAs and for each RFA there are two discrete subparts (explaining the factual basis and identifying any documents in support). Thus, Plaintiff was only required to answer in full Interrogatory No. 1 as it pertained to the first 6 RFAs that Plaintiff denied, and was only required to partially answer for the seventh RFA. However, Plaintiff appears to have broken Interrogatory No. 1 into additional subparts, which the Court finds inappropriate and not supported by any applicable legal authority. *See* Doc. No. 54-2, at 7-12. Accordingly, the Court will overrule Plaintiff's objection to the extent that Plaintiff counted Interrogatory No. 1 as having more than 34 discrete subparts, and will order Plaintiff to supplement its answer to Interrogatory No. 1 in accordance with this Order and

applicable authority. *See Carper*, 2011 WL 13096631, at *4 (treating interrogatory requesting explanation for each RFA denial as separate and discrete subparts for each RFA and directing defendant to only answer the subparts that totaled Rule 33(a)(1)'s 25-interrogatory limit); *see also Commodores*, 2015 WL 12843874, at *5.

The Court declines Defendant's alternative request to serve additional interrogatories beyond Rule 33(a)(1)'s 25-interrogatory limit. Defendant provides no legal authority in support and does not make any particularized showing as to why it requires this additional discovery. Federal Rule of Civil Procedure 36(a)(4) only requires that a party admit or deny an RFA, further details need only be provided when an answering party cannot truthfully admit or deny. Here, there is only one RFA where Plaintiff neither admitted or denied, and that RFA has been addressed in Plaintiff's response to Interrogatory No. 1. *See* Doc. No. 54-2, at 3-4. If Defendant does not believe Plaintiff's RFA responses are sufficient, Defendant should have moved to compel under Rule 36, not served an excessive number of interrogatories in an apparent attempt to subvert Rule 36. For these reasons, the Court finds Defendant has not established good cause to exceed 25 interrogatories in this case. *See Kaplan v. Kaplan*, No. 2:10-cv-237-FtM-99SPC, 2012 WL 14261, at *2 (M.D. Fla. Jan. 4, 2012) ("While the Plaintiff now moves in his Motion to Compel answers to the interrogatories and grant him leave to exceed the Rules limits, the time to seek leave to exceed the limit imposed by Fed. R. Civ. P. 33 is prior to

propounding the interrogatories upon the opposing party."); *Carper*, 2011 WL 13096631, at *4 (denying request to exceed the 25-interrogatory limit where plaintiff did not seek such relief until the motion to compel stage, and where "plaintiff has not made the particularized showing of need to support such a request" (citations omitted)); *Gritt v. Target Corp.*, No. 8:07-cv-181-T-27EAJ, 2008 WL 11444175, at *3 (M.D. Fla. Apr. 30, 2008) (denying request for additional interrogatories "[d]ue to the inadequate showing of particularized need"); *Price v. Gwinnett Family Dental Care, LLC*, 1:06-CV-2659-BBM-GGB, 2007 WL 3477771, at *4-6 (N.D. Ga. Oct. 31, 2007) (denying plaintiff's request for additional discovery absent showing of particularized need); *see also* Middle District Discovery (2021) § (IV)(A)(2) ("Leave of court, which is not routinely given absent stipulation, is required to serve more than 25 interrogatories cumulatively."); *Colony Ins. Co.*, 2019 WL 5850548, at *2 ("Colony has already sought to compel more complete responses to its Requests to Admit in the instant motion to compel, and it should have done the same regarding any other perceived insufficient answers.").

### III.   CONCLUSION

For the foregoing reasons, Defendant Ford Motor Company's Motion to Compel Discovery, in the Alternative, Motion for Leave to Serve Additional Interrogatories (Doc. No. 54) is **GRANTED IN PART AND DENIED IN PART.** Within **fourteen (14) days** from the date of this Order, Plaintiff Sun State Ford, Inc.,

shall serve a supplemental verified response to Interrogatory No. 1 from Defendant's Second Request for Interrogatories in accordance with the rulings in this Order. Specifically, the Court finds Interrogatory No. 1 to contain 34 discrete subparts, and Plaintiff is **ORDERED** to answer the first 13 subparts. In all other respects, Defendant's motion (Doc. No. 54) is **DENIED**.[1]

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2025.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Because the Court grants in part and denies in part Defendant's motion, the Court declines to award any fees or costs. *See* Fed. R. Civ. P. 37(a)(5)(C).