UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUN STATE FORD, INC.,

    Plaintiff,

v.                                            Case No:   6:23-cv-1728-PGB-LHP

FORD MOTOR COMPANY,

    Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF, SUN STATE FORD, INC.'S MOTION TO COMPEL PRODUCTION OF DEFENDANT, FORD MOTOR COMPANY'S 30(B)(6) CORPORATE REPRESENTATIVE FOR DEPOSITION AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 62)
>
> **FILED:**    July 3, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff Sun State Ford, Inc., filed a complaint against Defendant Ford Motor Company alleging various breach of contract and state law claims related to a

franchise agreement, a dealer agreement, and Defendant's now-discontinued "Ford EV Program." Doc. No. 1. Discovery closes on July 31, 2025. Doc. Nos. 46, 63.

Now before the Court is Plaintiff's motion to compel the continued deposition of Defendant's Rule 30(b)(6) corporate representative. Doc. No. 62. Plaintiff contends that it properly noticed Defendant's corporate representative for deposition on June 30, 2025, and provided a list of 15 Topics. *Id.*, at 1-2; Doc. No. 62-1. On June 24, 2025, Ford served its objections to the Topics, and as relevant to the present motion, objected to and refused to produce a corporate representative to testify as to the following three Topics:

> 12. All information referenced or relied upon in establishing the requirements of the Ford EV Program, including any studies, analyses, models, or evaluations conducted by Ford or on Ford's behalf with respect to the establishment of the requirements of the Ford EV Program and the proforma financial statement provided to SSF.
>
> 13. All press releases or public statements issued or made by Ford relating to the Ford EV Program and communications relating to any complaints, evaluations, or feedback relating to electric vehicle sales, training, service or charging capabilities.
>
> 14. All information regarding Ford's cessation of the EV program including the reasons, studies, analysis or evaluations by Ford to stop the EV program requirements in order for dealerships to be able to sell Ford EV vehicles.

Doc. No. 62-2, at 10-14.[1]

Specifically, Defendant objected to these Topics as overly broad, unduly burdensome, and not seeking relevant information. *Id.* Defendant offered to produce to Plaintiff transcripts from prior depositions and prior trial testimony from Defendant's employees regarding the development, issuance, and updates to the Ford EV Program. *Id.*, at 10. At no time, however, did Defendant move for a protective order to prevent its corporate representative from testifying on these matters.

According to Plaintiff, Defendant did not provide any transcripts prior to the deposition. Doc. No. 62, at 2. Instead, the deposition went forward on June 30, 2025 in Michigan, and Defendant's corporate representative did not testify as to Topics 12-14. *Id.* Defendant's counsel stated that she could provide prior transcripts, but would not designate any portions of any transcripts as responsive to Topics 12-14. *Id.* Plaintiff thereafter filed the present motion, seeking an order compelling Defendant to designate a corporate representative to testify on Topics

---

[1] There appears to be a discrepancy between the numbering of the Topics listed in the notice and the numbering of the Topics listed in Defendant's objections. *See* Doc. No. 62-1, at 5 (listing Topics 13-15); Doc. No. 62-2, at 10-14 (listing Topics 12-14). There is no dispute regarding the subject matter at issue in the present motion, therefore the Court relies on the numbering from the objections: Topics 12-14. Doc. No. 62-2, at 10-14.

12-14, produce such witness for deposition in Orlando, Florida, not Michigan, and award fees and costs as a sanction. *Id.*, at 3.

Defendant argues in response that Plaintiff already conducted a more than six (6) hour deposition of Defendant's corporate representative, and that any additional deposition is unwarranted. Doc. No. 64. Defendant further states that it did produce prior trial testimony regarding the Ford EV Program – albeit admittedly not until July 3, 2025 (the same day Plaintiff filed its motion). *Id.*, at 1. Defendant contends that it offered to provide additional testimony transcripts upon request, but that Plaintiff has not made any such request, and that based on the volume of discovery already produced, any further corporate representative testimony would be duplicative. *Id.* Defendant also reiterates its objections that Topics 12-14 are overly broad and seek irrelevant information. *Id.*, at 2-3. However, to the extent the Court agrees with Plaintiff, Defendant urges that the continued corporate representative deposition only last 40 minutes (the remaining time from the allotted 7 hours), and be taken in Michigan, and that monetary sanctions are not warranted. *Id.*, at 3.

Notably, Defendant nowhere identified the prior trial testimony that it provided to Plaintiff, nor did Defendant request additional briefing in response to Plaintiff's motion. *See* Doc. No. 64; Doc. No. 20, ¶ 7. In its Court-ordered reply however, *see* Doc. No. 65, Plaintiff explains that Defendant did not provide any

prior trial testimony regarding the Ford EV Program. Doc. No. 66, at 1-2. Rather, Defendant provided a single transcript without exhibits from the deposition of a Michael O'Brien, taken in his individual capacity on May 1, 2023, during an administrative proceeding before the State of Illinois Motor Vehicle Review Board. *Id.*, at 2.[2] Plaintiff contends that such individual testimony cannot take the place of testimony from a corporate representative, in particular where Mr. O'Brien repeatedly answered questions based on his own knowledge and opinion or stated he did not know, and Defendant's counsel objected during the deposition on the grounds that Mr. O'Brien could only speak for himself, not for Defendant. *Id.*, at 2-3. Last, Plaintiff argues that Topics 12-14 are narrowly tailored and directly relate to components of the Ford EV Program as alleged in Plaintiff's complaint. *Id.*, at 5-6.

Upon consideration of the parties' arguments and applicable legal authority, the Court agrees with Plaintiff. First, it is undisputed that this prior testimony provided by Defendant was (1) not by Defendant's corporate representative; (2) did not involve all of the same issues at play in the present case; and (3) Plaintiff's counsel was not present or otherwise involved in that deposition. As such, to the

---

[2] Plaintiff also does not explain who Michael O'Brien is, nor provide a copy of the deposition transcript.

extent Defendant intended to designate Mr. O'Brien's testimony during a separate administrative proceeding as a substitute for its own corporate representative testimony, that argument fails. Simply put, Defendant's production of depositions from other matters does not impact Plaintiff's entitlement to a 30(b)(6) deposition here. *See Gonzalez v. Ocwen Loan Servicing, LLC*, No. 5:18-cv-340-Oc-30PRL, 2018 WL 6191319, at *2 (M.D. Fla. Nov. 28, 2018) (granting motion to compel 30(b)(6) deposition and overruling objections on the basis that defendant had already provided prior deposition testimony from its corporate representative, where the testimony came from other cases where plaintiff's counsel did not participate, and numerous topics were not adequately covered in the prior depositions); *In re Brican Am. LLC Equip. Lease Litig.*, No. 10-md-02183-SEITZ, 2013 WL 5519969, at *8 (S.D. Fla. Oct. 1, 2013), *aff'd sub nom. In re: Brican Am. LLC*, No. 10-md-02183-PAS, 2013 WL 12092311 (S.D. Fla. Nov. 15, 2013) (granting motion to compel 30(b)(6) deposition where prior testimony defendant sought to rely upon did not directly and adequately address all of the topics at issue); *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, No. 09-60276-CIV, 2009 WL 3418148, at *3-5 (S.D. Fla. Oct. 19, 2009) (granting motion to compel 30(b)(6) deposition where same witness was previously deposed in his individual capacity and finding depositions were not unnecessarily duplicative because, in part, an individual need only testify based on his own personal knowledge, whereas a corporate representative testifies on behalf of the

corporate entity and is expected to be prepared to testify as to all noticed topics); *Requa v. C.B. Fleet Holding Co., Inc.*, No. 06-cv-01981-PSF-MEH, 2007 WL 2221146, at *2 (D. Colo. July 31, 2007) (granting motion to compel Rule 30(b)(6) deposition despite defendant's designation of prior testimony).[3]

The Court further finds that Topics 12-14 are not overly broad and are relevant to the issues in this case. Topic 12 seeks information used by Defendant to establish the requirements of the Ford EV Program and the proforma financial statement provided to Plaintiff. Topic 13 seeks press releases or public statements issued or made by Defendant relating to the Ford EV Program and any complaints, evaluations, or feedback relating to certain aspects of the Program. And Topic 14 seeks information regarding Defendant's cessation of the Ford EV Program. Doc. No. 62-2, at 10-14. These Topics are reasonably tailored as to subject matter, and the time period is not overly long – as alleged in Plaintiff's complaint the Ford EV Program was announced in September 2022. *See* Doc. No. 1, ¶ 38. The Court also finds Topics 12-14 to be relevant to the claims and defenses in this case – Plaintiff's

---

[3] The Court further notes that Defendant's corporate representative failed to designate any portions of any prior transcripts as responsive to Topics 12-14, and Defendant has provided no legal authority which would shift the burden onto Plaintiff to ask for such information. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. Jan. 30, 2012) (finding that nothing in Rule 30(b)(6) prohibited a corporation from adopting the testimony of another witness, though a corporate designee would still need to formally provide testimony indicating same).

case centers on Defendant's alleged requirement that Plaintiff enroll in the Ford EV Program, and the harm allegedly caused to Plaintiff from its forced entry into the Program. *See, e.g.*, Doc. No. 1, ¶¶ 36-74, 98-151. Moreover, Defendant has argued that the cessation of the Ford EV Program is a defense to this case rendering Plaintiff's claims moot, further establishing the relevancy of discovery related to this issue. *See, e.g.*, Doc. Nos. 33, 43. *See also Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6064644, at *3 (M.D. Fla. Feb. 11, 2020) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))).

Having addressed the substance of the present dispute, the Court now turns to the issue of sanctions. The Court agrees that Plaintiff is entitled to an additional corporate representative deposition, and in the absence of any specific temporal request, will allot one (1) hour for the deposition. *See* Doc. No. 46, at 4 (limiting depositions to seven (7) hours absent leave of Court); Fed. R. Civ. P. 30(d)(2).[4] The Court further finds that Defendant should be sanctioned and required to pay the

---

[4] The Court finds Defendant's reliance upon *Alvarez v. Sch. Bd. of Broward Cty.*, Fla., No. 16-60310-CIV, 2016 WL 11896172, at *1 (S.D. Fla. Aug. 16, 2016) unpersuasive, as in that case the opposing party had already taken two (2) corporate representative depositions and provided no good cause for extending the time to take a third.

reasonable fees and costs for Plaintiff filing its motion to compel and reply, as well as the court reporter and/or videographer costs of the additional deposition. *See* Fed. R. Civ. P. 37(a)(5). The legal authority is clear that Defendants' attempt to point to prior testimony from an administrative proceeding runs afoul of Federal Rule of Civil Procedure 30(b)(6), and Defendant never sought a protective order or any other relief – rather Defendant merely chose not to provide a corporate representative as to Topics 12-14. The Court does not find Defendant's position to be substantially justified in this regard, and therefore will award these sanctions. *See United States Equal Emp. Opportunity Comm'n v. Qualtool, Inc.*, No. 5:21-cv-229-ACC-PRL, 2022 WL 16695172, at *6 (M.D. Fla. Nov. 3, 2022) (awarding sanctions in granting a motion to compel a corporate representative deposition and noting that "[w]hen a corporation disagrees with the deposition notice, it cannot decide on its own to ignore the notice." (citations and quotations omitted)).[5]

The Court does not, however, find Plaintiff's additional requirement that the deposition take place in Orlando rather than Michigan to be appropriate. First,

---

[5] Defendant's reliance on *Max v. Provident Life & Accident Ins. Co.*, No. 8:11-cv-1540-T-33EAJ, 2013 WL 12156102, at *2 (M.D. Fla. Apr. 22, 2013) is unpersuasive. In that case, the motion to compel was granted in part and denied in part as to which topics the corporate representative could be deposed on, and the court stated that sanctions could be subject to reconsideration as appropriate. Here, the only issue Plaintiff has not prevailed on is the degree of sanctions to be awarded.

- 9 -

Plaintiff provides no legal authority to support such a request, and admits that the only basis for making the request is to sanction Defendant.  Doc. No. 66, at 7. Second and relatedly, Plaintiff does not explain why it cannot travel to Michigan for the deposition – as it previously did – nor why this one-hour deposition cannot be conducted by remote means.    *Cf. Nat'l Staffing Sols., Inc. v. Ascendo Res., LLC*, No. 6:23-cv-1542-CEM-LHP, 2025 WL 1591695, at *3 (M.D. Fla. June 5, 2025) (awarding monetary sanctions for failure to produce corporate representative for noticed deposition but declining to award additional sanctions).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff, Sun State Ford, Inc.'s Motion to Compel Production of Defendant, Ford Motor Company's 30(b)(6) Corporate Representative for Deposition and Incorporated Memorandum of Law (Doc. No. 62) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant shall produce for a **one-hour deposition** a corporate representative in Michigan to testify as to **Topics 12-14** (*see* Doc. No. 62-2, at 10-14). On or before **Wednesday, July 23, 2025**, the parties shall meet and agree upon a date for the deposition to take place prior to the close of discovery, **July 31, 2025.** The parties shall file a joint notice with the Court no later than **Thursday, July 24, 2025** identifying the date and time of the deposition.  Defendant shall be

responsible for any court reporter and/or videographer fees incurred during the deposition.

3. Within **fourteen (14) days** of the date of this Order, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion and Court-ordered reply. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

4. In all other respects, Plaintiff's motion (Doc. No. 62) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties