# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SUN STATE FORD, INC.,**

       **Plaintiff,**

**v.**                                                  **Case No: 6:23-cv-1728-PGB-LHP**

**FORD MOTOR COMPANY,**

       **Defendant.**

_____/

## <u>ORDER</u>

This cause is before the Court upon the following filings:

1.    Defendant Ford Motor Company's ("**Defendant**") Motion to Strike Plaintiff Sun State Ford, Inc.'s ("**Plaintiff**") Untimely Supplemental Disclosure (Doc. 94 (the "**First Motion to Strike**")) and Plaintiff's response in opposition thereto (Doc. 99); and

2.    Defendant's Motion to Strike the Untimely Affidavits of Joseph Roesner (Doc. 92-1 (the "**Roesner Affidavit**")) and Harpul Ohri (Doc. 92-3 (the "**Ohri Affidavit**")) (Doc. 95 (the "**Second Motion to Strike**")) and Plaintiff's response in opposition thereto (Doc. 100).

Upon consideration, the First and Second Motions to Strike are due to be granted.

## I.    BACKGROUND

Plaintiff initiated this action for monetary, declaratory, and injunctive relief on September 8, 2023. (Doc. 1). Defendant is a manufacturer and distributor of Ford brand vehicles, and Plaintiff is a constituent franchise dealer. (*Id.* ¶ 9). This case arises from Defendant's alleged breach of oral contracts, perpetration of unfair business dealings, and other unlawful practices. (*See generally* Doc. 1, ¶¶ 75–162).

Discovery in this matter closed on July 31, 2025. (Doc. 63). On August 4, 2025, Defendant filed a *Daubert* motion to exclude the expert testimony of Joseph Roesner ("**Roesner**"). (Doc. 77 (the "***Daubert* Motion**")). On August 28, 2025, Plaintiff updated its initially disclosed computational damages for lost sales figure to $158,679. (Doc. 94-2). In its response in opposition to the *Daubert* Motion, Plaintiff attached the Roesner Affidavit to support Roesner's expert report. (Doc. 92-1). Moreover, the response in opposition to the *Daubert* Motion included the Ohri Affidavit to bolster the updated damages calculation. (Doc. 91-3).

Thereafter, Defendant filed both the First Motion to Strike and Second Motion to Strike, wherein Defendant seeks to exclude the updated computational damages for lost sales figure and the Roesner Affidavit and Ohri Affidavit.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 26, in relevant part, provides that "a party must, without awaiting a discovery request, provide to the other parties . . . cop[ies] . . . of all documents, electronically stored information, and tangible things that the

disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a). Absent an exception, "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . . ." FED. R. CIV. P. 26(a)(1)(c). Additionally, Rule 26(e) requires a party to "supplement or correct its disclosure[s] or response[s] . . . in a timely manner if the party learns that in some material respect [either] is incomplete or incorrect . . . ." FED. R. CIV. P. 26(e).

In turn, Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Generally, if violations of Rule 26(a) or (e) have occurred, courts will preclude the violating party from relying on the untimely disclosed information absent a showing of substantial justification or harmlessness. *Id.*

"In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009)[1] (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir.

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

2008)). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non[-]disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

## III.  DISCUSSION

The Court will address each of Defendant's motions to strike in turn.

### A.  Updated Computational Damages for Lost Sales Figure (Doc. 94-2)

Defendant argues that Plaintiff's newly disclosed computational damages figure for lost sales is neither substantially justified nor harmless. (Doc. 94, p. 6). The Court agrees.

The updated damages calculation is harmful to Defendant because Plaintiff did not disclose the updated calculation until *after* the close of discovery and only in response to dispositive motions. In other words, Plaintiff seeks to introduce its new damages calculation without affording Defendant the benefit of discovery on the issue and giving itself the benefit of having seen Defendant's *Daubert* Motion and summary judgment motion. Permitting Plaintiff to reap such a windfall at Defendant's expense is plainly harmful.

Moreover, Defendant has had no opportunity to depose Roesner regarding his updated calculation. *See Agilysys, Inc. v. Hall*, No. 1:16-CV-3557-ELR-JFK, 2019 WL 3483173, at *12 (N.D. Ga. May 29, 2019) (finding supplemental testimony introduced when an opposing party has been denied the opportunity to depose an expert on damages "is not justified and is harmful."). This case has already

4

progressed to the summary judgment and *Daubert* motion stage. At no point did Plaintiff seek an extension of the disclosure deadline, knowing that the discovery and dispositive motions deadlines were approaching. *See Romero*, 552 F.3d at 1324 (11th Cir. 2008) (holding the district court did not abuse its discretion by failing to permit plaintiffs to supplement their expert report because "[p]laintiffs could have moved for an extension of the disclosure deadline, but did not do so."). Thus, there is no substantial justification to permit Plaintiff to wield the updated damages calculation to support its responses to the outstanding dispositive motions. *See e.g.*, *Holzworth v. United States*, No. 609CV1241ORL18GJK, 2011 WL 13298554, at *4 (M.D. Fla. May 17, 2011) (finding the "[p]laintiff's untimely disclosure" of supplemental expert testimony "deprived the defendant of the opportunity to depose [the expert]," that [t]o reopen discovery at this point would result in a delay of litigation and would result in further expenses by both parties," and that the "Court cannot justify such an outcome.").

Accordingly, the First Motion to Strike is granted. The Court will not consider the updated computational damages for lost sales calculation.

### B.    The Roesner Affidavit and Ohri Affidavit (Docs. 92-1, 92-3)

After Defendant filed its *Daubert* Motion to exclude the expert testimony of Roesner, Plaintiff's response included two affidavits designed to bolster Roesner's expert report. (*See* Docs. 92-1, 92-3). Defendant argues these affidavits should be stricken as untimely pursuant to Federal Rule of Civil Procedure 37(c). The Court agrees.

The Ohri Affidavit is harmful because Defendant had no opportunity to depose him regarding his damages calculation. To permit the Ohri Affidavit into evidence to bolster Roesner's report against the *Daubert* Motion and summary judgment motions would be to grant Plaintiff a benefit for its own tardiness at Defendant's expense. *Semi-Tech Litig. LLC v. Bankers Tr. Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004) ("[It is] plaintiff's duty to produce its expert reports sufficiently early to permit compliance with the [] discovery completion date.").

While Plaintiff asserts that Defendant "knew from the outset of this action that [Plaintiff] sought lost sales as an element of damages but chose not to ask [Harpul Ohri ("**Ohri**")] any questions regarding lost sales," Plaintiff also concedes that "at the time of Ohri's deposition, Ohri had not performed the calculation that is the subject of the [Ohri] Affidavit and thus there was no calculation" to question him about. (Doc. 100, p. 17). Thus, simply asserting that Defendant knew that Plaintiff sought lost sales is not a substantial justification, especially when Plaintiff admits that Defendant would not have known to depose Ohri regarding lost sales.

Moreover, the Roesner Affidavit is harmful because it attempts to rebut Plaintiff's dispositive motions. *Quad Cities Waterkeeper v. Ballegeer*, 84 F. Supp. 3d 848, 870 (C.D. Ill. 2015) (striking expert rebuttal affidavits compiled after the close of discovery). It is prejudicial to Defendant to permit Plaintiff to bolster its expert's report in response to outstanding dispositive motions. *See Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("[The] Court cannot . . . allow for unlimited bolstering of expert opinions.").

Nor is the late inclusion of the Roesner Affidavit substantially justified. Plaintiff asserts that "[a] failure to disclose is substantially justified where reasonable people could disagree as to whether disclosure was required." (Doc. 100, p. 18 (quoting *Sims v. BMW of N. Am. LLC*, No. 6:22-CV-1685-PGB-UAM, 2025 WL 326721, at *2 (M.D. Fla. Jan. 29, 2025))). There can be no reasonable disagreement as to when the expert disclosure deadline was in this action. (*See* Doc. 46). While Plaintiff claims that "it was unable to provide a computation of its damages for lost sales because expert testimony was necessary," it did not move to extend the discovery or expert disclosure deadlines to permit its expert to do the calculation. Thus, Plaintiff has not carried its burden to show that the untimely disclosure of the Roesner Affidavit is substantially justified.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ford Motor Company's Motion to Strike Plaintiff Sun State Ford, Inc.'s Untimely Supplemental Disclosure (Doc. 94) is **GRANTED**; and

2. Defendant's Motion to Strike the Untimely Affidavits of Joseph Roesner and Harpul Ohri (Doc. 95) is **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on March 23, 2026.

8

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8